**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRYL BRIGHTWELL, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
|    v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0235-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-2889-TWT-RGV |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 6th day of October, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DARRYL BRIGHTWELL, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0235-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-2889-TWT-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Darryl Brightwell's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 79]. For the following reasons, the undersigned **RECOMMENDS** that Brightwell's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

A federal grand jury returned a three-count indictment charging Brightwell in Count One with conspiracy to possess with the intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846; in Count Two with possession with intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of §§ 841(a)(1) and 841(b)(1)(B)(vii); and in Count Three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Doc. 1]. Brightwell pleaded guilty to Counts One and Three, pursuant to a negotiated plea agreement in which the government agreed to dismiss Count Two. [Doc. 52, plea agreement].

The plea agreement includes a limited waiver of appeal, which provides that Brightwell

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Brightwell] may file a direct appeal of an upward departure or an upward variance from the otherwise applicable sentencing guideline range.

[Id. at 7]. This provision of the plea agreement further provides that Brightwell may file a cross appeal if the government appeals the sentence. [Id.]. Brightwell signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 9-10].

At the plea hearing, Brightwell confirmed under oath that he had not consumed any alcoholic beverages, narcotic drugs, medicine or pills within the past twenty-four hours. [Doc. 66 at 3-4]. The Court explained to Brightwell the rights he was giving up in pleading guilty, and Brightwell stated that he understood and was willing to give up those rights. [Id. at 5-7]. The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Brightwell agreed with the prosecutor's description. [Id. at 7-10]. Brightwell acknowledged that no one had threatened or forced him to plead guilty, and no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 9-10]. Brightwell also confirmed that no one had promised him a particular

3

sentence or anything not contained in the plea agreement. [Id. at 10]. Brightwell further affirmed that he had sufficient time to consider and discuss this matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 11-12].

Next, the prosecutor described the elements of the offenses charged in Counts One and Three, and Brightwell confirmed that he understood the charges. [Id. at 12-15]. Specifically, as to Count Three, the prosecutor described the elements as follows:

> First, that [Brightwell] committed the drug trafficking crime charged in Count 1 of the indictment; second, that during the commission of that offense [Brightwell] knowingly possessed a firearm as charged; and, third, that [Brightwell] possessed the firearm in furtherance of the drug trafficking crime charged in Count 1 of the indictment.

[Id. at 14]. The Court asked Brightwell whether he understood that Count Three charged him with "possessing a firearm in furtherance of a drug trafficking offense," and Brightwell responded, "Yes." [Id. at 15]. Brightwell understood that on Count One, he faced a possible maximum sentence of forty years of imprisonment and a mandatory minimum sentence of five years of imprisonment, and that on Count Three, he faced a possible maximum sentence of life imprisonment and a mandatory minimum sentence of five years of imprisonment consecutive to the sentence imposed for Count One. [Id. at 13-16]. The Court also discussed with Brightwell the

4

sentencing guidelines and the fact that the guideline recommendation is only advisory, so the Court could impose a sentence above or below that range. [Id. at 16]. The Court then reviewed the terms of the appeal waiver and its consequences, and Brightwell affirmed that he understood the effect of the waiver and that no one had threatened, forced, or promised him anything to give up his right to appeal. [Id. at 16-17]. Brightwell further acknowledged that he could not later withdraw his plea even if the Court rejected the sentencing recommendations in his plea agreement and the sentence was more severe than he expected. [Id. at 18].

The prosecutor summarized what the evidence would show if the case went to trial as follows:

> In late February 2007, [Bureau of Immigration and Customs Enforcement ("ICE")] Arizona agents began undercover discussions about a delivery of approximately 1,500 to 2,000 pounds of marijuana in the Atlanta area. ICE Arizona took possession of a U-Haul truck with the marijuana inside of it in Arizona and coordinated the controlled delivery in Atlanta. An agent met with an individual in Atlanta at the Coca-Cola Museum on the afternoon of March 5th, 2007. The undercover was instructed to drop off the U-Haul truck containing the drugs at a mall later that evening.
>
> The truck was dropped off at a mall, and agents performed surveillance on it. Two males took possession of the truck, and agents watched as they eventually drove it away from the mall and finally to 3285 Huntwood Drive in DeKalb County. ICE agents from Atlanta and Arizona performed surveillance and watched as the truck was backed into the garage of the house. The agents watched the house for two to three

5

> hours, and then the truck and two other cars left within a short period of time at approximately midnight.
>
> Agents followed all three vehicles. The Oldsmobile that left the house registered to [Brightwell] was stopped; and the driver, [Brightwell's] brother, Anthony Brightwell, was taken into custody and brought back to the house. Back at the house ICE agents allowed Anthony Brightwell to talk with [Brightwell] numerous times over the course of the next two hours. An ICE task force officer also talked with [Brightwell] on the phone. A series of phone calls involved [Brightwell] talking with various other people as well.
>
> At some point, the ICE task force officer pleaded with [Brightwell] about leaving the house unarmed. [Brightwell] at first said that he was not home, then he admitted that he was and would periodically hang up the phone admitting at some point that he had been talking with others. DeKalb Police secured a search warrant for the house, and [Brightwell] surrendered approximately two hours after police had arrived.
>
> DeKalb County executed the search warrant and found approximately 1,600 pounds of marijuana that had originally been shipped from Arizona. There were 173 bales of marijuana stacked inside the nursery/baby's room in the house with a crib inside of it. DeKalb County detectives then located approximately $92,000 in cash on top of a cabinet in the kitchen area of the house. Two stolen handguns were found on top of the cabinet as well, as were four checks to Debo Hauling, a company operated by [Brightwell]. Gun magazines were also found in the common kitchen area and were photographed on top of an item that had been mailed to [Brightwell]. [Brightwell] also had at least one prescription bottle with his name on it that was photographed in the common area of the house.

[Id. at 19-21]. Brightwell agreed with the prosecutor's summary and admitted that he

was guilty of participating in a conspiracy to possess with the intent to distribute more

6

than 100 kilograms of marijuana and possessing a firearm in furtherance of a drug trafficking offense. [Id. at 21]. The Court accepted Brightwell's plea. [Id. at 21-22].

At the sentencing hearing, Brightwell did not object to the guidelines calculations, and the Court determined that his guideline range was 130 to 147 months of imprisonment. [Doc. 67 at 3-5]. In accordance with the plea agreement, the government recommended a sentence at the low end of the guidelines range. [Id. at 31]. The Court, noting that it was unlikely that a drug dealer called "Brightwell out of the blue" and offered him $10,000 to hold 1,831 pounds of marijuana, found that a guidelines sentence was appropriate in this case because Brightwell "knew that he was engaging in drug trafficking and was doing so with a large quantity of drugs and was being highly paid to do that." [Id. at 31-32]. Accordingly, the Court sentenced Brightwell to a total of 130 months of imprisonment. [Id. at 33; Doc. 59].

Brightwell filed a timely notice of appeal. [Doc. 62]. Brightwell subsequently moved to dismiss the appeal based on the appeal waiver provision of his plea agreement. Am. Mot. to Dismiss Appeal with Prejudice, United States v. Brightwell, No. 11-11289-HH (11th Cir. Aug. 10, 2011). On September 14, 2011, the Eleventh Circuit granted Brigthwell's voluntary motion to dismiss the appeal with prejudice. [Doc. 80].

7

On August 26, 2011, Brightwell filed this pro se § 2255 motion. [Doc. 79]. Brightwell argues that his guilty plea as to Count Three is invalid because he did not understand the "meaning of possession in furtherance of a drug trafficking offense" and his attorney was ineffective for failing to explain "what that meant." [Id. at 2-7]. Relying on United States v. Timmons, 283 F.3d 1246 (11th Cir. 2002), Brightwell maintains that, contrary to what he understood at the time he entered his plea, "the mere presence of a firearm in an area where a criminal act occurs" is insufficient to support a conviction under 18 U.S.C. § 924(c)(1)(A)(i); rather, the government had to show "that the firearm was possessed to advance or promote the criminal activity." [Doc. 79 at 2-3]. According to Brightwell, his co-conspirators called him on the "spur of the moment" and asked him to store the drugs in exchange for $10,000. [Id. at 3-5]. The firearms found at his residence were for his personal protection and not to further any drug activity, as Brightwell had never sold any drugs and no other drug transactions had occurred at his home. [Id. at 3]. Brightwell speculates that his co-conspirators left the entire drug proceeds at his home because they "suspected the government was following them." [Id. at 4]. Brightwell states that he "never admitted or intended to admit that his possession of the two firearms [was] to somehow protect or further his co-conspirators' drug activity." [Id at 6].

8

## II.  DISCUSSION

### A.  General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

9

**B.     Validity of Plea**

Brightwell failed to challenge the validity of his guilty plea on direct appeal.[2] A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or actual innocence. Jones v. United States, 153 F.3d 1305, 1307 (11th Cir.1998). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause). Brightwell may yet avoid the procedural bar if he shows "that the alleged error has probably resulted in the conviction of one who is actually innocent." Jones, 153 F.3d at 1308 (internal quotation marks and citations omitted). "Actual

---

[2] Brightwell's challenge to the validity of his guilty plea, including his claim that counsel provided him ineffective assistance, is not barred by his valid appeal waiver. See Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam); Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).

10

innocence means factual innocence, not mere legal insufficiency." Id. (internal quotation marks and citations omitted). Brightwell must show "that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citations omitted).

Here, Brightwell has not explained why he failed to raise this claim on direct appeal or attempted to show cause to excuse the procedural default. To the extent that Brightwell claims that he is actually innocent of the offense charged in Count Three, such claim is belied by the record. The Supreme Court has stated that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). During the plea colloquy, Brightwell twice admitted that he possessed the firearms "in furtherance of a drug trafficking offense." [Doc. 66 at 14-15]. Additionally, while Brightwell is correct that the mere "presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction," the

11

required showing of a nexus between the firearm and the drug offense may be established by

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

Timmons, 283 F.3d at 1253 (citation omitted).

Brightwell admitted that 173 bales of marijuana were found in the nursery in his home, that two stolen firearms were discovered next to $92,000 in cash on top of a cabinet in his kitchen, and that gun magazines were also found in the common kitchen area on top of mail addressed to Brightwell. [Doc. 66 at 20-21]. These facts are sufficient to establish a nexus between the firearms and the drug trafficking offense charged in Count One. See United States v. Perez, 415 F. App'x 136, 137 (11th Cir. 2011) (holding that possession of firearm was in furtherance of drug trafficking where firearm was found in same room of defendant's home as between $20,000 and $40,000 in drug proceeds and where large amount of drugs and an additional $119,940 was found in barn located near defendant's house); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (holding that accessible firearm's proximity to drugs, scales, and large amount of money "established a sufficient nexus between the firearm and the

12

drug trafficking crime"). Thus, Brightwell cannot show that "no reasonable juror would have convicted him," and the undersigned finds that Brightwell's challenge to the validity of his guilty plea is procedurally defaulted. Jones, 153 F.3d at 1308.

### C.      Counsel's Assistance with Decision to Plea

Ineffective assistance of counsel claims are not subject to the procedural default rule. Massaro v. United States, 538 U.S. 500, 509 (2003). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Brightwell has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir . 2000).

The plea hearing transcript in this case reveals that Brightwell voluntarily pleaded guilty with a full understanding of the charges and the consequences. [See Doc. 66]. Brightwell twice confirmed that he understood that Count Three charged him with possession of a firearm in furtherance of the drug trafficking offense charged in Count One. [Id. at 14-15]. Brightwell's allegation to the contrary is, thus, belied

13

by the record and fails to show that his counsel was ineffective for not explaining Count Three to him.

Moreover, Brightwell does not state that he would not have pleaded guilty absent counsel's allegedly deficient advice. Even if he had, such a bare allegation is insufficient to establish prejudice. United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985), abrogated on other grounds, Padilla v. Kentucky, 130 S. Ct. 1473 (2010). There is nothing in the record to suggest that Brightwell would have considered going to trial rather than pleading guilty had counsel's advice been different. Accordingly, Brightwell is not entitled to habeas relief on this ground.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant

14

satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Brightwell's claims for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 79], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 6th day of October, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

15