**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRYL BRIGHTWELL, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0235-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-2889-TWT-RGV |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 5th day of March, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DARRYL BRIGHTWELL, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0235-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-2889-TWT-RGV |

## REPORT AND RECOMMENDATION

On November 10, 2011, the Court issued an Order and Judgment denying movant Darryl Brightwell's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Docs. 83-84]. This matter has been submitted to the undersigned Magistrate Judge for consideration of Brightwell's pro se motion for reconsideration, [Doc. 85], and motion to supplement his § 2255 motion, [Doc. 86]. For the following reasons, the undersigned **RECOMMENDS** that Brightwell's post-judgment motions be **DENIED**.

# I. PROCEDURAL HISTORY[1]

A federal grand jury returned a three-count indictment charging Brightwell in Count One with conspiracy to possess with the intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846; in Count Two with possession with intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of §§ 841(a)(1) and 841(b)(1)(B)(vii); and in Count Three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Doc. 1]. Brightwell pleaded guilty to Counts One and Three, pursuant to a negotiated plea agreement in which the government agreed to dismiss Count Two. [Doc. 52, plea agreement]. The plea agreement also included a limited waiver of appeal. [Id. at 7].

At the sentencing hearing, the Court determined that Brightwell's guideline range was 130 to 147 months of imprisonment. [Doc. 67 at 3-5]. In accordance with the plea agreement, the government recommended a sentence at the low end of the guidelines range. [Id. at 31]. The Court, noting that it was unlikely that a drug dealer

---

[1] The procedural history of this case is briefly summarized here. The background of the case is more fully set forth in the Final Report and Recommendation issued on October 6, 2011. [Doc. 81 at 4-10].

called "Brightwell out of the blue" and offered him $10,000 to hold 1,831 pounds of marijuana, found that a guidelines sentence was appropriate in this case because Brightwell "knew that he was engaging in drug trafficking and was doing so with a large quantity of drugs and was being highly paid to do that." [Id. at 31-32]. Accordingly, the Court sentenced Brightwell to a total of 130 months of imprisonment. [Id. at 33; Doc. 59].

Brightwell filed a timely notice of appeal. [Doc. 62]. Brightwell subsequently moved to dismiss the appeal based on the appeal waiver provision of his plea agreement. Am. Mot. to Dismiss Appeal with Prejudice, United States v. Brightwell, No. 11-11289-HH (11th Cir. Aug. 10, 2011). On September 14, 2011, the Eleventh Circuit granted Brigthwell's voluntary motion to dismiss the appeal with prejudice. [Doc. 80].

On August 26, 2011, Brightwell filed this pro se § 2255 motion, arguing that his guilty plea as to Count Three is invalid because he did not understand the "meaning of possession in furtherance of a drug trafficking offense" and his attorney was ineffective for failing to explain "what that meant." [Doc. 79 at 2-7]. Brightwell maintained that he "never admitted or intended to admit that his possession of the two firearms [was] to somehow protect or further his co-conspirators' drug activity." [Id

3

at 6]. On November 10, 2011, the Court adopted the Magistrate Judge's Final Report and Recommendation ("R&R"), [Doc. 81], and dismissed Brightwell's § 2255 motion, finding that his claims were frivolous because he "admitted that he was paid $10,000 to store 1,500 to 2,000 pounds of marijuana at his house[, and t]here was ample evidence of a nexus between the firearms and the marijuana." [Doc. 83]. On December 2, 2011, Brightwell filed the instant motion for reconsideration. [Doc. 85]. Brightwell has also filed a motion to supplement his § 2255 motion with purportedly newly discovered evidence, namely a copy of the indictment. [Doc. 86].

## II. DISCUSSION

Because Brightwell filed his motion for reconsideration within "28 days after the entry of the judgment," it is governed by Federal Rule of Civil Procedure 59(e). See Fed. R. Civ. P. 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (internal quotations and citation omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (internal brackets and citation omitted). "A motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of

4

a strongly convincing nature to induce the court to reverse its prior decision." United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003).

In his motion for reconsideration, Brightwell asserts that the Court misinterpreted his argument to be that he was actually innocent of the 18 U.S.C. § 924(c) offense in Count Three, when, in fact, he claimed that his guilty plea was involuntary because he did not understand the "meaning of possession in furtherance of a drug trafficking offense." [Doc. 85 at 1-4]. Brightwell also argues that his failure to challenge the validity of his guilty plea on direct appeal should be excused based on his attorney's erroneous advice that the claim should be raised in a § 2255 motion and not on direct appeal. [Id. at 4-5]. Brightwell also seeks to supplement his § 2255 motion with a copy of his indictment, which he claims does not charge that he possessed the firearm in furtherance of a drug trafficking crime. [Doc. 86].

The Court first found that Brightwell's challenge to the validity of his guilty plea was procedurally defaulted because he did not raise it on direct appeal and had not shown cause and prejudice or actual innocence to overcome the default. [Doc. 81 at 12-15]. The Court then determined that Brightwell had not shown ineffective assistance of counsel in connection with his decision to enter a guilty plea. [Id. at 15-16].

5

Brightwell's new argument that his attorney was ineffective for advising him not to challenge his guilty plea on direct appeal does not excuse the procedural default of his first claim because this new ineffective assistance claim lacks merit. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington, 466 U.S. 668, 691 (1984). In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Eagle v. Linahan, 279 F.3d 926, 943 (11th Cir. 2001) ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

Brightwell's challenge to the validity of his guilty plea is based on his assertion that he did not understand that a conviction under § 924(c) required that he possess the firearms "in furtherance of" the drug trafficking offense. This assertion is belied by the record. During the plea colloquy, Brightwell twice admitted that he possessed the

6

firearms "in furtherance of a drug trafficking offense." [Doc. 66 at 14-15]. Brightwell also admitted to facts sufficient to establish a nexus between the firearms and the drug trafficking offense charged in Count One. Specifically, Brightwell acknowledged that 173 bales of marijuana were found in the nursery in his home, that two stolen firearms were discovered next to $92,000 in cash on top of a cabinet in his kitchen, and that gun magazines were also found in the common kitchen area on top of mail addressed to Brightwell. [Id. at 20-21]. Thus, Brightwell's challenge to the validity of his guilty plea fails, and he cannot show prejudice based on counsel's advice not to raise this meritless issue. See United States v. Perez, 415 F. App'x 136, 137 (11th Cir. 2011) (holding that possession of firearm was in furtherance of drug trafficking where firearm was found in same room of defendant's home as between $20,000 and $40,000 in drug proceeds and where large amount of drugs and an additional $119,940 was found in barn located near defendant's house); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (holding that accessible firearm's proximity to drugs, scales, and large amount of money "established a sufficient nexus between the firearm and the drug trafficking crime").

Finally, contrary to Brightwell's assertion, the indictment did charge that he possessed the firearms in furtherance of the drug trafficking crime described in Count

7

One. [Doc. 1 at 2]. Brightwell's motion to supplement the record with a document that already is included in the record is due to be denied. See Cook v. United States, 189 F. App'x 927, 931 (11th Cir. 2006) (per curiam) (affirming district court's denial of post-judgment "motion for reconsideration and motion to submit new affidavits because the evidence was available during the pendency of the § 2255 motion").

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Brightwell's pro se motion for reconsideration, [Doc. 85], and motion to supplement his § 2255 motion, [Doc. 86], be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 5th day of March, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)